1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FERDINAND FLOWERS,

          Plaintiff,

     v.

CAPT. APRIL MAXFIELD, et al.,

          Defendants.

Case No. 22-cv-04935 BLF (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner currently confined at San Quentin State Prison ("SQSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against a correctional officer and two mental health care providers at SQSP. Dkt. No. 1. The Court dismissed the complaint with leave to amend to attempt to state sufficient facts to state a cognizable claim. Dkt. No. 10. Plaintiff was also advised of a potential joinder issue. *Id.* Plaintiff filed a first amended complaint which names only one Defendant, Capt. April Maxfield. Dkt. No. 12.

**DISCUSSION**

**A.**    <u>**Standard of Review**</u>

     A federal court must conduct a preliminary screening in any case in which a

1   prisoner seeks redress from a governmental entity or officer or employee of a

2   governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

3   cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

4   upon which relief may be granted or seek monetary relief from a defendant who is immune

5   from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally

6   construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

7       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

8   elements: (1) that a right secured by the Constitution or laws of the United States was

9   violated, and (2) that the alleged violation was committed by a person acting under the

10  color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

11  **B.    Plaintiff's Claims**

12      Plaintiff claims that he takes medication for his mental health depression, which he

13  asserts is a serious illness. Dkt. No. 12 at 3. He claims the CDCR prisons do not have

14  adequate treatment for sex offenders and programs. *Id.* at 2. He claims that after he spoke

15  with Defendant Captain April Maxfield, she agreed to check on the process to obtain

16  programs at the state hospitals and respond to him via mail; however, Capt. Maxfield never

17  responded. *Id.* at 3. Plaintiff also claims that Capt. Maxfield violated his rights by

18  opening his personal confidential mail addressed to CDCR executives. *Id.* He claims

19  Capt. Maxfield called his mother on March 10, 2022, without permission and discussed the

20  information that was in his confidential mail. *Id.*

21      The Court notes that Plaintiff added his mother, Ms. Paulette Magee, as an

22  additional plaintiff to this action. *Id.* at 2. However, it does not appear that Ms. Magee has

23  standing in this matter which involves only allegations of wrongdoing against her son.

24  Even so, the Court need not address this issue as the underlying claims are again

25  deficiently plead and this action will be dismissed as discussed below.

26      **1.    Mental Health Needs**

27      In dismissing the original complaint with leave to amend, the Court advised

28                                  2

1   Plaintiff of the legal standard to state a cognizable claim regarding treatment for his mental

2   health needs under the Eighth Amendment.  Dkt. No. 10 at 4, citing *Helling v. McKinney*,

3   509 U.S. 25, 31 (1993).  A mentally ill prisoner may establish unconstitutional treatment

4   on behalf of prison officials by showing that officials have been deliberately indifferent to

5   his serious medical needs.  *See Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994);

6   *see also Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982) (mental health care

7   requirements analyzed as part of general health care requirements).  A serious medical

8   need exists if the failure to treat a prisoner's condition could result in further significant

9   injury or the unnecessary and wanton infliction of pain.  *Doty*, 37 F.3d at 546; *see, e.g.,*

10  *Capps v. Atiyeh*, 559 F. Supp. 894, 916 (D. Ore. 1983) (inmate suffers 8th Amendment

11  pain whenever he must endure untreated serious mental illness for any appreciable length

12  of time).  Under the Eighth Amendment, deliberate indifference requires a showing that

13  prison officials possess a sufficiently culpable state of mind.  *See Farmer v. Brennan*, 511

14  U.S. 825, 834 (1994).  Specifically, it must be shown both that officials were subjectively

15  aware of the serious medical need and failed to adequately respond to that need.  *Conn*,

16  591 F.3d at 1096.  Additionally, the officials' actions must be the cause of the injury

17  suffered as a result of their deliberate indifference.  *Id.* at 1098.

18          Plaintiff's allegations in the amended complaint are again insufficient to state an

19  Eighth Amendment claim against Defendant Maxfield.  Even assuming that Plaintiff's

20  condition constitutes a serious medical need, the allegations against Defendant Maxfield

21  do not indicate that she possessed a sufficiently culpable state of mind, i.e., that she was

22  subjectively aware of Plaintiff's serious medical need and failed to adequately respond to

23  that need. *See Conn*, 591 F.3d at 1096.  He merely complained to her about the lack of

24  adequate programs at SQSP; there is no indication that he made Defendant aware of his

25  serious medical needs and that he was receiving no treatment.  Lastly, there is no

26  allegation that Defendant Maxfield's failure to respond to him resulted in further

27  significant injury to Plaintiff.

28                                                3

Plaintiff was already afforded one opportunity to amend, and the Court finds no good cause to grant him another opportunity where the amended complaint contains the same deficiencies as the original. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Accordingly, this claim must be dismissed for failure to state a claim.

### 2.   **Mail**

With respect to Defendant Maxfield's reading of Plaintiff's mail, the Court found that it was unclear whether the original complaint stated a cognizable claim. Dkt. No. 10 at 6-7.

Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987). But neither the Supreme Court nor the Ninth Circuit has determined whether prison officials are entitled to read inmates' outgoing and incoming non-legal mail. Accordingly, Plaintiff was directed that in preparing an amended complaint, he must state sufficient facts showing that Defendant Maxfield had no legitimate penological interest in reading his mail and impinging on his First Amendment rights. Dkt. No. 10 at 7. The amended complaint fails to do so as Plaintiff has provided no additional facts from those alleged in the original complaint to correct this deficiency.

Plaintiff was already afforded one opportunity to amend, and the Court finds no good cause to grant him another opportunity where the amended complaint contains the same deficiencies as the original. *Wagh*, 363 F.3d at 830; *Ferdik*, 963 F.2d at 1261. Accordingly, this claim must be dismissed for failure to state a claim.

United States District Court
Northern District of California

4

**CONCLUSION**

For the foregoing reasons, the amended complaint is **DISMISSED** with prejudice for failure to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

**Dated:   ___May 31, 2023_____**

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.22\04935Flowers_dism